WASHINGTON MURRAY *vs.* WILLIAM DEHON & others.

Under the provision of the Gen. Sts. *c.* 100, § 9, that a new trustee shall have and exercise the same rights and duties as if originally appointed, he may be admitted on his own petition to prosecute a bill in equity filed by his predecessor to recover the trust estate, and need not file a supplemental bill or bill of revivor.

BILL IN EQUITY filed August 10, 1866, by Washington Murray as trustee under the will of Edmund Winchester, late of Boston, deceased, to compel the surrender of property alleged to be held by the defendants and to belong to the trust estate.

In September 1867, Murray died; and on November 11, 1867, Simeon E. Baldwin was duly appointed by the probate court for Suffolk trustee in his stead. On May 1, 1868, Baldwin presented his petition, at chambers, before *Hoar*, J., setting forth these facts, and praying to be admitted to prosecute the suit, and moved the court for leave accordingly; which motion was granted, reserving, however, to the defendants the right to object thereto; of which petition and the action of the court thereon notice was afterwards on the same day given to two of the defendants. No decretal order was ever filed in pursuance of the granting of said motion, nor was any further action taken thereon until February 1869, when, upon notice of a motion for an order of court to take testimony in the cause, these defendants appeared by their counsel, and objected, that, the original plaintiff having deceased, no new plaintiff had come into the suit or was rightfully before the court. On April 25, 1869, the counsel for the original plaintiff moved for leave to file a decretal rder, that " said Baldwin be admitted to prosecute said cause as plaintiff, in the room of said Murray, deceased," and for an order for taking testimony in the cause. Upon this motion, after a hearing before *Gray*, J., it was ordered and decreed that said Baldwin be admitted to prosecute, as prayed for; from which order and decree the said two defendants appealed.

*C. Browne*, for the new trustee.

*B. F. Thomas & R. Olney,* for the appellants.

Morton, J. The plaintiff of record, Murray, having died Simeon E. Baldwin, who had been appointed by the probate court trustee in his place, presented his petition setting forth these facts and praying to be admitted to prosecute the suit. Upon this petition, it was ordered and decreed that said Baldwin be admitted to prosecute as prayed for. The defendants appealed, and the only question to be decided is, as to the correctness of this order.

The defendants contend that the new trustee can become a party to the suit only by a supplemental bill.

Being of opinion that our statutes, and such necessary and reasonable implications as arise therefrom, are decisive of the rights of the parties, we have not deemed it necessary to consider maturely the question, elaborately argued by counsel, whether, under the practice in the high court of chancery in England before the passage of the chancery improvement act, a new trustee should become a party to a suit by a supplemental bill, or by a bill of revivor.

Our statutes provide that, upon the death, resignation or removal of a trustee, the probate court may appoint a new trustee in his place, and that " such new trustee, upon giving the bonds and security required, shall have and exercise the same powers, rights and duties, whether as a sole or joint trustee, as if he had been originally appointed, and the trust estate shall vest in him in like manner as it had or would have vested in the trustee in whose place he is substituted." Gen. Sts. *c.* 100, § 9.

This statute is broad and comprehensive in its terms. Its effect is, not merely to authorize the probate court to appoint a new trustee, and to vest in him the trust estate, but to confer upon him all the powers and rights which he would have had if he had been the original trustee. The design of the statute is, to substitute the new trustee in the place of the old, and to confer upon him the same rights and powers and position in relation to the trust estate possessed by the original trustee. The powers and rights, thus broadly conferred, clearly include the right to prosecute a suit, commenced by the old trustee, to ecover and reduce to his possession the trust estate; and by

necessary implication include the right to be admitted by the court as a party to the suit, in order to be able to prosecute it to final judgment. Upon this construction of the statute, it follows that the right of the new trustee to become a party to the suit is absolute, and not subject to the discretion of the court.

Another necessary result of the statute is, that upon the application of the new trustee to be admitted to prosecute, in whatever form made, the only question open is, whether he sustains the character of trustee, as claimed by him. No other question can be litigated, as the decree of the probate court appointing him trustee is conclusive, and the statute thereupon vests in him the right to appear and prosecute.

The statute works a transmission of the trust estate. It makes the case one where there is no change of interest, but only a change of persons in whose name the suit must be prosecuted. It creates the same relation between the old and new trustees as exists between parties who are in privity by operation of law.

These considerations are important in their bearing upon the question of the proper form of admitting the new trustee to prosecute. They bring this case within the reasons of the rule which permits a party to intervene in a suit by a simple bill of revivor. And there is no good reason for compelling the new trustee to resort to an original supplemental bill, which would be attended with delay, expense and other disadvantages, when it is apparent that, under the operation of the statute, the reasons of the rule of practice requiring a supplemental bill, if it be admitted that there was such a rule, have ceased to exist.

Nor is there any objection to allowing the new trustee to become a party to the suit by means of a petition, such as was adopted in this case, instead of a more formal bill of revivor. By the course of legislation and practice in this state, other parties standing in like relation to the suit, such as executors, administrators, &c., are permitted to intervene by a petition, which is thus made a substitute for a bill of revivor. *Pingree* v. *Coffin*, 12 Gray, 288. The same reasons exist for allowing a

trustee to adopt this mode. No express provision of statute authorizes it, but we think that there is a reasonable implication that the new trustee should be permitted to exercise the right to appear, conferred upon him by the statute, in the mode provided by legislation and sanctioned by practice in like cases. A petition like the one adopted in this case takes the place of a bill of revivor, and is a more simple and direct mode of effecting the purpose for which such bill is intended. Under it, all the rights of the defendants are equally well protected, and it is in harmony with the laws and practice which prevail in this state. We are therefore of opinion that the ruling of the judge before whom the case was heard was correct.

We have considered the case independently of the St. of 1865, *c.* 42, and, having reached the result above stated without the aid of that statute, it is not necessary to decide whether it applies to a case of this character. *Order affirmed.**

---

* The Twenty-sixth Rule in Chancery 1870 of this court provides that "when the circumstances of the case are such as to require a bill of revivor, or supplemental bill, or bill in the nature of either or both, or the joinder of additional or different parties, the requisite allegations may be made by way of amendment to the original bill."